UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIRKLIN HAMLIN,

    Plaintiff,

Case No. 1:25-cv-218

Hon. Robert J. Jonker

v.

DESTINY DREW FROBERG,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

This is a civil action brought by *pro se* plaintiff Kirklin Hamlin, a prisoner in the custody of the Michigan Department of Corrections (MDOC), against defendant Destiny Drew Froberg.  For the reasons set forth below, this complaint should be dismissed.

**I.**    **Discussion**

Plaintiff's claim arose before he was convicted and incarcerated at the MDOC. Plaintiff alleged that on May 28, 2023, he "engaged Sydney Turner in communications via a telecommunication device."  Compl. (ECF No. 1, PageID.2).  Defendant was present near Ms. Turner during the communication and used a device to record video and audio of the communication between plaintiff and Turner.  *Id*.  Defendant's act of recording the communication was purposeful, defendant divulged the recording to law enforcement, and the Allegan County Prosecutor's Office used defendant's recording against plaintiff at a criminal trial proceeding on October 29, 2024.  *Id*.

Plaintiff alleged that defendant "was not a party nor engaged in the communication between plaintiff and Ms. Turner," that he was not aware of defendant being present during his

communication with Ms. Turner, and that he did not consent to defendant recording his communication with Ms. Turner. *Id*. Plaintiff contends that defendant's actions violated 18 U.S.C. § 2511(2)(d) and that he is entitled to relief under 18 U.S.C. § 2520. *Id*. at PageID.1-2. Plaintiff also alleged that defendant violated Michigan's criminal prohibition against eavesdropping, M.C.L. § 750.539(e). *Id*. Plaintiff seeks: a declaration judgment that defendant violated the cited state and federal statutes which constitutes an invasion of privacy; an injunction ordering defendant to cease engaging in "eavesdropping" and "unlawful interception" as defined by the statutes; and award plaintiff compensatory and punitive damages. *Id*. at PageID.3-4.

## II.     Discussion

### A.     Federal claim

The Court allowed plaintiff to file this action *in forma pauperis* pursuant to § 1915. *See* Order (ECF No. 4). For that reason, it must review the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), which provides that the Court "shall dismiss" actions brought *in forma pauperis* "at any time if the court determines that . . . the action . . . (ii) fails to state a claim on which relief may be granted[.]" In determining whether a complaint should be dismissed for failure to state a claim under § 1915(e)(2)(B)(ii), the Court applies the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007). *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

A complaint may be dismissed for failure to state a claim if it fails to give the defendant a fair notice of the claim and the grounds upon which it rests. *Twombly*, 550 U.S. at 555.

> [A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility

2

standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Iqbal*, 556 U.S. at 678  (internal citations and quotation marks omitted).

In making this determination, the complaint must be construed in the light most favorable to the plaintiff, and its well-pleaded facts must be accepted as true. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). While *pro se* pleadings are to be liberally construed, *see Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), "this court is not required to conjure up unpled allegations." *Dietz v. Sanders*, 100 Fed. Appx. 334, 338 (6th Cir. 2004).

Plaintiff's claim arises from 18 U.S.C. §2511 and 18 U.S.C. § 2520. Plaintiff's claim is divided into two parts. First, plaintiff must show that that defendant violated § 2511 by intercepting his communication. Second, after establishing a violation of § 2511, plaintiff can pursue a private cause of action for that violation under § 2520. *See, e.g., Luis v. Zang*, 833 F.3d 619, 626 (6th Cir. 2016). As one court explained, "under federal law, a plaintiff can bring a civil suit without an underlying criminal conviction for wiretapping, but in so doing, must prove each element of the underlying criminal offense." *Kline v. Security Guards, Inc.*, 159 F. Supp. 2d 848, 855 (E.D. Pa. 2001).[1]

18 U.S.C. § 2511(1)(a)-(e) sets forth various criminal violations for intentionally intercepting wire, oral, or electronic communications.[2]  In turn, 18 U.S.C. § 2520 sets forth the

---

[1] In *Kline*, 159 F. Supp. 2d at 855, the court observed that,

> United States Senate Report 99-541, which accompanied the 1986 amendments to the Communications Privacy Act (P.L. 99-508), explains, "The plaintiff may bring a civil action under section 2520 whether or not the defendant has been subject to a criminal prosecution for the acts complained of, but in the absence of such prosecution and conviction, it is the plaintiff's burden to establish that the requirements of this section are met." Senate Rpt. No. 99-541, at 27, reprinted in 1986 U.S.C.C.A.N. 3581.

[2] (1) Except as otherwise specifically provided in this chapter any person who--

3

private cause of action for persons who are victimized by such criminal conduct stating:

> In general.—Except as provided in section 2511(2)(a)(ii), any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action recover from the person or entity, other than the United States, which engaged in that violation such relief as may be appropriate.

18 U.S.C. § 2520(a).

As an initial matter, plaintiff does not identify a criminal violation set forth in 18 U.S.C. § 2511(1)(a)-(e) to support his claim against defendant. Rather, plaintiff bases his claim on

---

(a) intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication;

(b) intentionally uses, endeavors to use, or procures any other person to use or endeavor to use any electronic, mechanical, or other device to intercept any oral communication when-- (i) such device is affixed to, or otherwise transmits a signal through, a wire, cable, or other like connection used in wire communication; or (ii) such device transmits communications by radio, or interferes with the transmission of such communication; or (iii) such person knows, or has reason to know, that such device or any component thereof has been sent through the mail or transported in interstate or foreign commerce; or (iv) such use or endeavor to use (A) takes place on the premises of any business or other commercial establishment the operations of which affect interstate or foreign commerce; or (B) obtains or is for the purpose of obtaining information relating to the operations of any business or other commercial establishment the operations of which affect interstate or foreign commerce; or (v) such person acts in the District of Columbia, the Commonwealth of Puerto Rico, or any territory or possession of the United States;

(c) intentionally discloses, or endeavors to disclose, to any other person the contents of any wire, oral, or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of this subsection;

(d) intentionally uses, or endeavors to use, the contents of any wire, oral, or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of this subsection; or

(e)(i) intentionally discloses, or endeavors to disclose, to any other person the contents of any wire, oral, or electronic communication, intercepted by means authorized by sections 2511(2)(a)(ii), 2511(2)(b)-(c), 2511(2)(e), 2516, and 2518 of this chapter, (ii) knowing or having reason to know that the information was obtained through the interception of such a communication in connection with a criminal investigation, (iii) having obtained or received the information in connection with a criminal investigation, and (iv) with intent to improperly obstruct, impede, or interfere with a duly authorized criminal investigation,

shall be punished as provided in subsection (4) or shall be subject to suit as provided in subsection (5).

4

18 U.S.C. § 2511(2)(d) (*see* Compl. at PageID.2) which sets forth an exception to the criminal statute for private individuals stating:

> It shall not be unlawful under this chapter for a person not acting under color of law to intercept a wire, oral, or electronic communication where such person is a party to the communication or where one of the parties to the communication has given prior consent to such interception unless such communication is intercepted for the purpose of committing any criminal or tortious act in violation of the Constitution or laws of the United States or of any State.

18 U.S.C. § 2511(2)(d).  In short, plaintiff has failed to allege an underlying criminal violation.  For this reason alone, plaintiff's federal claim should be dismissed.

Next, assuming that plaintiff intended to proceed under one of the sections of § 2511(1) prohibiting the intentional interception of a communication, his claim would still fail.  Plaintiff alleged that he did not consent to defendant recording his communication with Ms. Turner.  However, this lack of consent does not establish a criminal violation.  As discussed, § 2511(2)(d) provides an exception for an individual like defendant who is not acting under color of law.  For such a person, plaintiff must show that none of the parties to the conversation gave prior consent to the alleged interception and that the communication was intercepted "for the purpose of committing any criminal or tortious act in violation of the Constitution or laws of the United States or of any State."

Here, plaintiff's complaint did not allege whether the other party to the conversation (Ms. Turner) gave prior consent to defendant to record the communication.  In this regard, plaintiff's allegations suggest that Ms. Turner was aware of plaintiff and her activities: plaintiff alleged that "[d]efendant was present near Sydney Turner" during the conversation and close enough to Ms. Turner "to record video and audio of the communication between plaintiff and Ms. Turner." Compl. at PageID.2.

Furthermore, plaintiff has failed to allege that the purpose of defendant's interception of the communication between plaintiff and Ms. Turner was to commit a criminal or tortious act in violation of the Constitution or laws of the United States or Michigan. *See, e.g., Rodriguez v. FastMed Urgent Care, P.C.*, 741 F. Supp. 3d 352, 364 (E.D.N.C. 2024) (granting motion to dismiss plaintiff's § 2520 claim for plaintiff's failure to meet the requirements of the exception in 18 U.S.C. § 2511(2)(d) that the intercepted information was disclosed "for the purpose of committing any criminal or tortious act"). Finally, rather than use the intercepted communication to commit a criminal act, plaintiff alleged that defendant used it to assist law enforcement (*i.e.*, defendant "divulged the recording to law enforcement" and that the Allegan County Prosecutor's Office used defendant's recording against plaintiff at a criminal trial proceeding). For all of these reasons, plaintiff has failed to allege sufficient facts to support a claim that defendant violated 18 U.S.C. § 2511.[3]  Accordingly, his civil claim against defendant brought pursuant to 18 U.S.C. § 2520 fails.

### B. State Law Claims

As discussed, plaintiff also alleged state law claims regarding eavesdropping.

---

[3] Even if the Court views the issue of "consent" as an affirmative defense to a violation of 18 U.S.C. § 2511(1), the Court can address this obvious defense in evaluating the sufficiency of plaintiff's complaint. Here, plaintiff's complaint specifically referenced "consent" which appears in 18 U.S.C. § 2511(2)(d). As the court explained in *Princeton Excess & Surplus Lines Insurance Co. v. Caraballo*, 693 F. Supp. 3d 783, 790 (N.D. Ohio 2023):

> "Courts generally cannot grant motions to dismiss on the basis of an affirmative defense unless the plaintiff has anticipated the defense and explicitly addressed it in the pleadings." [*Estate of Barney v. PNC Bank, National Association*, 714 F.3d. 920, 926 (6th Cir. 2013)]. However, the Sixth Circuit has explained that "[t]here is no reason not to grant a motion to dismiss where the undisputed facts conclusively establish an affirmative defense as a matter of law." *Id*. (quoting *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 613 (6th Cir. 2009)). *See also Estate of Barney*, 714 F.3d at 926 (finding that " '[a] motion to dismiss can be premised on an affirmative defense,' " provided that " 'the plaintiff's own allegations show that a defense exists that legally defeats the claim for relief.' ") (quoting *Marsh v. Genentech, Inc.*, 693 F.3d 546, 555 (6th Cir. 2012)). *See also Chapman v. JPMorgan Chase Bank, N.A.*, 651 Fed. Appx. 508, 513 (6th Cir. 2016); *Houston v. People Ready, Inc.*, 618 F.Supp.3d 771, 774 (W.D. Tenn. 2022).

Ordinarily, where a district court has exercised jurisdiction over a state law claim solely by virtue of supplemental jurisdiction and the federal claims are dismissed prior to trial, the court will dismiss the remaining state-law claims. *See Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 521 (6th Cir. 2007) ("Generally, once a federal court has dismissed a plaintiff's federal law claim, it should not reach state law claims." (citing *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966))); *Landefeld v. Marion General Hospital, Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993). In determining whether to retain supplemental jurisdiction, "[a] district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues." *Landefeld*, 994 F.2d at 1182; *see also Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006) ("Residual jurisdiction should be exercised only in cases where the interests of judicial economy and the avoidance of multiplicity of litigation outweigh our concern over needlessly deciding state law issues." (internal quotation marks omitted)). Dismissal, however, remains "purely discretionary." *Carlsbad Technology, Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (citing 28 U.S.C. § 1367(c)). Here, the balance of the relevant considerations weighs against the continued exercise of supplemental jurisdiction. Accordingly, plaintiff's state law claims should be dismissed without prejudice.

### III.    RECOMMENDATION

For all of these reasons, I respectfully recommend that plaintiff's complaint be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated:  March 4, 2025          /s/ Ray Kent
                               RAY KENT
                               United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).