UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIRKLIN HAMLIN,

    Plaintiff,

v.

CASE No. 1:25-cv-218

HON. ROBERT J. JONKER

DESTINY DREW FROBERG,

    Defendant.
_____/

## ORDER APPROVING AND ADOPTING
## REPORT AND RECOMMENDATION

The Court has reviewed the Magistrate Judge's Report and Recommendation (ECF No. 6) filed on March 4, 2025. Plaintiff filed his Objections to the Report and Recommendation (ECF No. 7) on March 24, 2025.

Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Magistrate Judge recommends that the Court *sua sponte* dismiss without prejudice all federal claims for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), and all state claims under 28 U.S.C. § 1367(c)(3).   Plaintiff objects to the Report and Recommendation.   After de novo review, the Court overrules Plaintiff's objection and adopts the Magistrate Judge's Report and Recommendation.  The Magistrate Judge carefully and thoroughly considered the allegations and the governing law.

As the Magistrate Judge points out, Plaintiff's federal wiretapping claim fails under the one-party consent exception of 18 U.S.C. § 2511(2)(d).   The provision excepts liability for wire interceptions "where one of the parties to the communication has given prior consent" to the interception.   18 U.S.C. § 2511(2)(d).   Here, far from alleging that Defendant lacked consent to record the conversation, Plaintiff alleges facts consistent with consent.   (*See* ECF No. 1, PageID.2).

Plaintiff objects that the one-party consent exception does not apply because Defendant violated Michigan's criminal eavesdropping statute.  (ECF No. 7, PageID.27).   Plaintiff refers here to § 2511(2)(d)'s carve-out for communications intercepted "for the purpose of committing any criminal or tortious act in violation of the Constitution or law of the United States or of any State."   18 U.S.C. § 2511(2)(d).   But, as Plaintiff's own authority makes clear, "the act of interception itself cannot satisfy the 'tortious purpose' aspect of § 2511(2)(d)."   *Bowens v. Aftermath Ent.*, 254 F. Supp. 2d 629, 642 (E.D. Mich. 2003) (citing *Boddie v. Am. Broad. Cos.*, 731 F.2d 333, 339 (6th Cir.1984) ("The Wiretap Statute requires the plaintiff to show that the defendants intended an illegal, tortious or injurious act other than the recording of the conversation.")).   Plaintiff must allege a "criminal or tortious" act beyond the alleged eavesdropping itself.   As the Magistrate Judge correctly found, he fails to do so here.

The Court also agrees with the Magistrate Judge's recommendation to decline supplemental jurisdiction over Plaintiff's state law claims. Dismissal of all claims is therefore appropriate for the reasons described in the Report and Recommendation.

Shortly after filing his objections, Plaintiff moved this Court for leave to file an amended complaint. (ECF No. 8). Generally, leave to amend is freely given. *See* Fed. R. Civ. P. 15(a)(2). But leave to amend can be denied as "futile" when the proposed amended complaint would still fail to establish a claim. *Huart v. Fifth Third Bank of Toledo, N.A.*, 985 F.2d 560 (6th Cir. 1993). Plaintiff's proposed amended complaint makes the preclusive one-party consent exception even more plain. It includes the new allegation that "Turner intentionally procured Froberg to intercept the communication between Turner and Hamlin, violating Title 18 U.S.C. § 2511(1)(a) and M.C.I. 750.539c." (ECF No. 8-1, PageID.36 at ¶ 8). Plaintiff has, in other words, more forcefully and unmistakably alleged that Defendant had Ms. Turner's consent to record the communication. And he again relies on the interception itself to establish a tortious purpose, making clear that he can show no other "criminal or tortious" act. No amendment can remedy this innately defective claim.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 6) is **APPROVED** and **ADOPTED** as the opinion of the Court. The Court **DENIES AS FUTILE** Plaintiff's Motion for Leave to Amend.

**IT IS FURTHER ORDERED** that Plaintiff Hamlin's federal claims are *sua sponte* **DISMISSED WITH PREJUDICE** under 28 U.S.C. § 1915(e)(2)(B)(ii), and all state claims are *sua sponte* **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. § 1367(c)(3).

Dated:   April 3, 2025              /s/ Robert J. Jonker
                                    ROBERT J. JONKER
                                    UNITED STATES DISTRICT JUDGE