**NOT RECOMMENDED FOR PUBLICATION**

No. 25-1541

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Nov 21, 2025
KELLY L. STEPHENS, Clerk

| | | |
|---|---|---|
| KIRKLIN HAMLIN, | ) | |
| Plaintiff-Appellant, | ) | |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN |
| DESTINY DREW FROBERG, | ) | |
| Defendant-Appellee. | ) | |

O R D E R

Before: BOGGS, SILER, and KETHLEDGE, Circuit Judges.

Kirklin Hamlin, proceeding pro se and in forma pauperis (IFP), appeals the district court's judgment dismissing his civil action. This case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed. *See* Fed. R. App. P. 34(a). For the reasons below, we affirm.

Hamlin alleges that Destiny Froberg recorded a 2023 phone call between Hamlin and Sydney Turner. Hamlin did not know that Froberg was listening and recording the call. Froberg later disclosed the recording to law enforcement, and the prosecutor's office used it against Hamlin at his criminal trial. His complaint asserted a federal wiretapping claim, *see* 18 U.S.C. § 2520, and state-law eavesdropping and invasion-of-privacy claims against Froberg.

Upon initial screening as a case filed IFP, a magistrate judge issued a report and recommendation concluding that the complaint should be dismissed. *Hamlin v. Froberg*, No. 1:25-cv-218, 2025 WL 1003901 (W.D. Mich. Mar. 4, 2025). The magistrate judge explained that Hamlin did not state a claim under 18 U.S.C. § 2520 because he failed to allege that Froberg's

recording constituted a criminal offense under § 2511. And the magistrate judge recommended that the district court decline to exercise supplemental jurisdiction over the state-law claims. Hamlin objected, but the district court overruled his objections, adopted the report and recommendation, and dismissed the case. *Hamlin v. Froberg*, No. 1:25-cv-218, 2025 WL 1000664 (W.D. Mich. Apr. 3, 2025). The district court also denied Hamlin's motion for leave to amend as futile. *Id.* Hamlin now appeals, arguing that the district court erred in dismissing his case and denying leave to amend.

We review de novo a district court's dismissal of a suit under 28 U.S.C. § 1915(e)(2). *Grinter v. Knight*, 532 F.3d 567, 571-72 (6th Cir. 2008). Under § 1915(e)(2)(B), district courts must screen and dismiss any IFP complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* at 572. To avoid dismissal under § 1915(e)(2)(B)(ii), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

To bring a civil wiretap claim under 18 U.S.C. § 2520, a plaintiff must plead that the defendant's actions constituted a criminal offense under 18 U.S.C. § 2511. *Luis v. Zang*, 833 F.3d 619, 626, 645 (6th Cir. 2016). Although Hamlin's complaint did not identify a section of § 2511 that Froberg allegedly violated, on appeal he cites § 2511(1)(c). Section 2511(1)(c) provides that any person who "intentionally discloses, or endeavors to disclose, to any other person the contents of any wire, oral, or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of this subsection" "shall be punished . . . or shall be subject to suit." 18 U.S.C. § 2511(1)(c). According to Hamlin, Froberg violated this subsection by recording his call with Turner and disclosing it to local authorities.

But the district court correctly dismissed the action because the statute includes a one-party consent exception. *See* 18 U.S.C. § 2511(2)(d). That exception states, "[i]t shall not be unlawful . . . where one of the parties to the communication has given prior consent to such interception

unless such communication is intercepted for the purpose of committing any criminal or tortious act." 18 U.S.C. § 2511(2)(d). Hamlin's complaint did not allege that Turner did not consent to Froberg's alleged interception, nor did it allege that the intercept was for the purpose of committing a criminal or tortious act.

Hamlin also argues that the district court should have granted his motion to file an amended complaint. Because the district court denied leave to amend for futility, we review its denial de novo. *Williams v. City of Cleveland*, 771 F.3d 945, 949 (6th Cir. 2014). Hamlin's proposed amended complaint does not cure the deficiencies in his initial pleading. The amended complaint alleges that "Turner intentionally procured Froberg to intercept the communication for the purpose of disclosing it to others." But such an allegation actually establishes that Turner consented to the recording, thus defeating Hamlin's claim. And Hamlin still fails to adequately allege that Froberg intercepted the call for the purpose of committing a criminal or tortious act. *See* 18 U.S.C. § 2511(2)(d).

For those reasons, we **AFFIRM**.

ENTERED BY ORDER OF THE COURT

Kelly L. Stephens, Clerk

**United States Court of Appeals for the Sixth Circuit**

**U.S. Mail Notice of Docket Activity**

The following transaction was filed on 11/21/2025.

**Case Name:** Kirklin Hamlin v. Destiny Froberg
**Case Number:** 25-1541

**Docket Text:**
ORDER filed: AFFIRMED. Mandate to issue, pursuant to FRAP 34(a)(2)(C), decision not for publication. Danny J. Boggs, Circuit Judge; Eugene E. Siler, Jr., Circuit Judge and Raymond M. Kethledge, Circuit Judge.

**The following documents(s) are associated with this transaction:**
Document Description: Order

**Notice will be sent to:**

Mr. Kirklin Hamlin
Muskegon Correctional Facility
2400 S. Sheridan Drive
Muskegon, MI 49442

**A copy of this notice will be issued to:**

Ms. Ann E. Filkins